Totten, J.,
delivered the opinion of the Court.
The action is debt for $500, claimed as a forfeiture to the State for a violation of the revenue laws.
The act of 1835, ch. 13, provides, that money used in the purchase of bills, bonds, notes or other obligations for money, at a greater discount than six per cent., shall be subject to an annual tax of five cents on each hundred dollars.
The person so using his money is required to report at the end of each year or within ten days thereafter, to the clerk of the county court, the amount so used, and for a violation thereof he “shall forfeit to the use of the State, the sum of five hundred dollars, to be recovered by action of debt in the name of the Governor of the State, for the time being, in any circuit court of the State.”
The declaration avers in proper form, that John McManus, the intestate, used a certain amount of money in 1846, in the purchase of bills, &c. at a greater discount than six per cent, *153 and failed and omitted to report the same as required by the statute: and he being dead, the only question is, whether the action for the forfeiture did not die with him.
The case of Hambly vs. Trott, Cowper 371, is a leading case, and the basis of most of the adjudications which have been made on this subject. It is cited and approved in The People vs. Gibbs, 9 Wendell R. 32. The rule of the common law as derived from these cases is, that the action survives when the cause of action is money due on a contract, express or implied, or gain by the work or property of another; but, where the cause of action is a tort, there the action dies, as in the case of battery, false imprisonment, trespass, words, nuisance, and cases of the like kind.
Now, although the present action is in form ex contractu, yet in substance and effect it is strictly ex delicto, being an action for a penalty for a fraudulent evasion of the revenue laws of the State. And in such case, the rule, actio personalis moritur cum persona, applies notwithstanding the form of the action.
In The People vs. Gibbs, the action was debt for the non-return of a warrant, a proceeding under a statute, and it was held that the action, though in form ex contractu, was in substance ex delicto, and that it died with the person. Some change in the common law on this general subject, has been made by statute, but there is none that has any application to the present case.
We are of opinion therefore, that the action to enforce the penalty given by the statute, died with the intestate, and that being the judgment of the court below, we order it to be affirmed.